IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GERMAINE VERNON WALLACE,             *

    Petitioner,                      *

                                     *     CIVIL NO.:     WDQ-08-2427
        v.                                 CRIMINAL NO.:  WDQ-05-0267
                                     *

UNITED STATES OF AMERICA,            *

    Respondent.                      *

                                     *

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

Pending is Germaine Vernon Wallace's *pro se* motion to
vacate, correct, or set aside his sentence under 28 U.S.C. §
2255.  Wallace requested an evidentiary hearing on his motion.
The Court has reviewed the pleadings and determined that no
evidentiary hearing is necessary.  *See* Rule 8 of the Rules
Governing § 2255 Proceedings.  For the following reasons,
Wallace's motion to vacate his sentence will be denied.

I.  Background

On August 23, 2005, Wallace was indicted in a five count
superseding indictment.  Paper No. 21.  On September 27, 2005,
Wallace pled guilty to Count 1, conspiracy to distribute one
kilogram or more of heroin in violation of 21 U.S.C. § 846.
Wallace would have had a base offense level of 32, but because of
his March 6, 1995 and May 25, 1995, felony drug convictions for
serious drug offenses, he is a career offender with a base

1

offense level of 37 and a criminal history category of VI.

U.S.S.G. § 4B1.1.   This base offense level was adjusted to 34 for

his acceptance of responsibility.   *Id.*   On December 9, 2005,

Wallace was sentenced to the bottom of the 262-327 month

guidelines range set by his offense level and criminal history

category; he received 262 months imprisonment.   Judgment at 2.

Wallace appealed, and on July 12, 2007, the Fourth Circuit

affirmed his sentence.   *See U.S. v. Wallace*, 234 Fed. Appx. 87

(4th Cir. 2007).   On September 17, 2008, Wallace filed this

motion to vacate his sentence under 28 U.S.C. § 2255, arguing

that he received ineffective assistance of counsel[1] because his

sentence was improperly enhanced.

II.   Analysis

    A.   Standard of Review

    The Sixth Amendment guarantees the effective assistance of

counsel.   *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   To

prove ineffective assistance of counsel, Wallace must show that:

(1) counsel's performance was deficient and (2) the deficient

performance prejudiced his defense.   *Id*. at 687.   Wallace must

establish that counsel made errors so serious that "counsel's

representation fell below an objective standard of

_____

    [1] In his reply brief (Paper No. 83), Wallace argues he had
the ineffective assistance of counsel on his May 25, 1995 State
conviction for unlawful manufacturing and distribution of a
controlled substance.   That argument is not a basis for relief
here.   *See* 28 U.S.C. §§ 2254(b)(1)(A), 2255(f).

reasonableness." *Id.* at 688.  Wallace must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688.  This scrutiny is highly deferential. *Id.* at 689.

B.   18 U.S.C. § 924(e)(2)(A)(ii)

Wallace argues that his sentence was improperly enhanced under Section 924(e) of Title 18 of the United States Code. Paper No. 78 at 1.  The United States did not seek to enhance Wallace's sentence under § 924(e).  Paper No. 29.  Accordingly, Wallace's counsel was not deficient for failing to assert that his prior convictions were not violent felonies nor serious drug offenses within § 924(e).

C.   21 U.S.C. § 841

Wallace argues that: (1) his counsel failed to oppose his sentence enhancement under § 851 at sentencing and on appeal, and (2) his sentence was improperly enhanced under § 851.

Section 851 prescribes notice and other requirements for enhanced minimum sentences based on prior convictions.  Section 841 states minimum sentences for defendants with prior felony drug convictions.  21 U.S.C. § 841(b)(1)(A).

Wallace argues that he was improperly sentenced under §

3

841(b) within the enhanced range of imprisonment for a minimum mandatory sentence of 20 years to a maximum term of life imprisonment.   The United States informed Wallace that it intended to seek an enhanced sentence under § 841(b).   *See* Notice of Government's Intention to Seek Enhanced Minimum Mandatory Sentence Under § 851.   Paper No. 29.   The Government sought the enhancement based on one of Wallace's March 6, 1995, drug convictions under Article 27 § 286 of the Maryland Code.[2]   *Id.*

Section 841(b) set a mandatory minimum sentence of 20 years (i.e., 240 months) for Wallace because of his March 6 and May 25, 1995 felony drug convictions.   As a career offender, however, Wallace's advisory Sentencing Guidelines range of imprisonment was from 262 to 327 months.   Presentence Report at ¶ 39.

Upon receiving the presentence report, Wallace's counsel wrote a letter to the probation officer and prosecutor (1) stating Wallace's belief that his March 6, 1995, convictions had been consolidated and fewer criminal history points should have been assessed; and (2) objecting to the guidelines calculation. Kaplan Nov. 16, 2005, Letter; *see* Presentence Report at 11.   The probation officer reviewed the appropriate criminal records, and

---

[2] On February 1, 1994, Wallace was arrested for simple possession.   Presentence Report ¶¶ 29 and 30.   On February 18, 1994, Wallace was arrested for possession with intent to distribute cocaine.   He was convicted of both charges.   He was sentenced on both charges on March 6, 1995.   Presentence Report ¶¶ 27 and 29.

determined that the convictions arose from separate offenses on
different occasions and could not properly be scored as
consolidated.  Addendum to the Presentence Report at 11, 12.
Even if Wallace had received three rather than six criminal
history points for the 1995 convictions, either his resulting 13
criminal history points or his two prior felony drug convictions
would have left him in criminal history category VI.  As
Wallace's criminal history calculation was correct, he has not
shown ineffective assistance.

  D.   Wallace's Counsel on Appeal

  Wallace argues that his counsel on appeal was ineffective
because: he (1) consolidated Wallace's appeal with his co-
defendant's, (2) failed to research Wallace's case, as evidenced
by his statement that Wallace's case was "[o]n appeal from the
United States District Court for the Eastern District of North
Carolina, at Elizabeth City," and (3) was unwilling to raise an
ineffective assistance of counsel claim against his father,
Wallace's trial counsel.

  Appellate counsel must be accorded "the presumption that he
decided which issues were most likely to afford relief on
appeal."  *Ivey v. Ozmint*, C.A.4 (S.C.), 2008 WL 5262308, 5 (4th
Cir. Dec. 17, 2008).  When counsel is burdened by a conflict of
interest, however, "prejudice is presumed... if the defendant
demonstrates that counsel actively represented conflicting

interests and that an actual conflict of interest adversely
affected his lawyer's performance." *U.S. v. Stitt*, 2008 WL
5377687, *3 (4th Cir. Dec. 24, 2008) *(citing Cuyler v. Sullivan*,
466 U.S. 335, 348, 350 (1980)). *Rubin v. Gee*, 292 F.3d 396, 401
(4th Cir. 2002).

An actual conflict of interest is a conflict "that adversely
affects counsel's performance." *Id.* at 402. A conflict of
interest can exist between a client and his "attorney's own
personal interests." *Id.* "In order to fall within the *Sullivan*
presumption," however, the defendant "must demonstrate an actual
conflict of interest that results in an adverse effect on
counsel's performance." *Id.* (internal citations omitted).
Conclusory and unsupported conflict of interest claims may be
dismissed as such. *Wilson v. Weisner*, No. 1:05CV00161, 2005 WL
2253825, *9 (M.D.N.C. Sept. 16, 2005).

*Sullivan* "does not require inquiry into actual conflict as
something separate and apart from adverse effect," and an
"adverse effect cannot be presumed from the mere existence of a
conflict of interest." *Id.* An adverse effect may be shown by
"an attorney's failure to take actions that are clearly suggested
from the circumstances." *Id.* at 405. As discussed above,
Wallace's trial attorney's performance was not constitutionally
deficient. As his performance was not deficient, it was properly
not raised as a basis for appellate relief.

Wallace has demonstrated no prejudice from the consolidation of his case with a co-defendant's appeal.  Similarly, the misidentification of the district court does not establish ineffective assistance of counsel because Wallace has not shown resulting prejudice to his appellate arguments.

Wallace's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), certifying that his conscientious review of the record resulted in no issues for appeal, but arguing the issues that Wallace wanted raised.  Paper No. 78, Ex. B.  Wallace has not shown ineffective assistance of appellate counsel.

III. Conclusion

For the reasons stated above, Wallace's motion will be denied.


January 20, 2009                    _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge